**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**May 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 02-60855**
**Summary Calendar**

_____

**LEON WARRINGTON,**

**Plaintiff-Appellant,**

**versus**

**MISSOURI FABRICATED PRODUCTS COMPANY;**
**GLEASON CORPORATION,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Northern District of Mississippi
Lower Docket No. 2:01-CV-92

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In November 1998, a defective tire rim manufactured by the appellees injured Leon Warrington's right thumb while he was inflating a tire. The district court instructed the jury, under Mississippi law, on both strict liability and comparative negligence. The jury assessed Warrington's total damages at

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

$60,000 and assessed the appellees and Warrington each at fault for 50% of the damages. The district court ordered Warrington to recover $30,000 plus interest from the appellees and denied Warrington's motion for judgment as a matter of law (JMOL) on the comparative negligence issue. Warrington appeals the district court's ruling on his motion for JMOL, arguing that there is insufficient evidence to support a finding that he overinflated the tire.

This court reviews a district court's ruling on a motion for JMOL de novo. Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs, Inc., 293 F.3d 912, 918 (5th Cir. 2002). Judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). "In evaluating the sufficiency of the evidence, we must draw all reasonable inferences and resolve all credibility issues in favor of the nonmoving party." Klumpe v. IBP, Inc., 309 F.3d 279, 281 (5th Cir. 2002). "When the jury has found for the nonmovant on the disputed issue, we will not overturn the verdict unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." Id. at 281-82 (internal quotation marks and citation omitted).

Here, the district court properly denied Warrington's motion for JMOL on the issue of comparative negligence. Drawing all reasonable inferences and resolving all credibility issues in favor of the appellees, a reasonable jury could have concluded, as the jury did in this case, that Warrington was negligent in overinflating the tire. The district court judgment is therefore affirmed.

**AFFIRMED.**